UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DERRICK LEE SMITH,

     Petitioner,

v.       Case No. 2:06-cv-234
    HON. GORDON J. QUIST

JERI-ANN SHERRY,

     Respondent.
_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on September 20, 2006. The Report and Recommendation was duly served on the parties. The Court has received objections from the Petitioner. In addition, Petitioner has filed a motion for leave to file a second petition (docket #7) and a motion for order to grant petition (docket #8). In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

In Petitioner's objections to the report and recommendation, he claims that he is not contesting the actual denial of parole, but merely the denial of due process with regard to the parole eligibility review process. However, to the extent that Petitioner objects to the allegedly unfair parole procedure, his objections and motions lack merit. As noted by the Magistrate Judge in the report and recommendation, Petitioner has no liberty interest at stake. Because Petitioner has no liberty interest at stake, he fails to state a claim for a violation of his procedural due process rights. *See Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), *cert. denied*, 513 U.S. 1158 (1995).

As noted above, Petitioner also seeks to be allowed to amend his petition, and /or to file a second habeas corpus petition based upon newly discovered information regarding Petitioner's sentence by the Wayne County Circuit Court. Specifically, Petitioner asserts that he finally received transcripts on December 1, 2006, which show that his trial counsel failed to notify him of an offer to plead guilty to a lesser offense. However, should Petitioner wish to file a habeas corpus petition attacking his underlying state court conviction, the proper course of action is to file a new action asserting such a claim. Petitioner may not transform this habeas corpus action, in which he attacked the parole process, into an action attacking the underlying conviction. Therefore, Petitioner's motion for leave to file a second petition (docket #7) and motion for order to grant petition (docket #8) are properly denied.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court and Petitioner's application is DISMISSED pursuant to Rule 4.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to

summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of each of Petitioner's claims was debatable or wrong. As noted above, Petitioner has no liberty interest in being granted parole. Consequently, he is unable to set forth a valid due process claim. Therefore, the Court will deny Petitioner a certificate of appealability.

FINALLY, IT IS ORDERED that Petitioner's motion for leave to file a second petition (docket #7) and motion for order to grant petition (docket #8) are DENIED.

Dated: March 30, 2007                    /s/ Gordon J. Quist
                                                        GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE